

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
ATTORNEY GENERAL

Hon. R. V. Rayford
County Auditor
Rusk County
Henderson, Texas

Dear Sir:                         Opinion No. O-7024

> Re: Whether Rusk County has authority
> to hire and pay the salary of a
> clerk, typist, stenographer or
> receptionist for the State De-
> partment of Public Welfare
> Office in Henderson, and addi-
> tional questions concerning the
> authority of the Commissioners'
> Court to pay office rent in the
> building other than the court-
> house for the Farm Credit Ad-
> ministration or the Farm Security
> Administration, and to pay the
> hire of a clerk or clerks for
> such Administrations.

Your letter of December 27, 1945, presents the follow-
ing three questions, concerning which you request the opinion
of this department:

1.  Does Rusk County have authority to hire and pay
    the salary of a clerk, typist, stenographer or
    receptionist for the State Department of Public
    Welfare Office in Henderson, which office handles
    the investigations, etc., for the Old Age Assis-
    tance?

2.  Does the Commissioners' Court of Rusk County have
    the authority to pay the office rent of the Farm
    Credit Administration or the Farm Security Admin-
    istration in a building other than the courthouse?

3.  Does the Commissioners' Court of Rusk County have
    authority to pay the hire of a clerk or clerks for
    such Administrations named in Question No. 2?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. R. V. Rayford, page 2

In the enactment of the Public Welfare Act, the State Department is charged in Sec. 4 with the duty of administering aid to needy, dependent children, assistance to needy blind, administering and supervising relief in general as well as assistance under the Act to the needy aged.

The Old Age Assistance program is administered through the State Department of Public Welfare pursuant to the provisions of Art. 695c of Title 20A, V. A. C. S. In Section 4, Subdivisions (5) and (7) of that Act, the State Department is charged in administering to the needy aged, to:

"5. Assist other departments, agencies and institutions of the local State and Federal Governments, when so requested and cooperate with such agencies when expedient, in performing services in conformity with the purposes of this Act;

"* * *

"7. Establish and provide such method of local administration as is deemed advisable, and provide such personnel as may be found necessary for carrying out in an economical way the administration of this Act; * * *"

Section 39 of said statutes provides:

"No provision of this Act is intended to release the counties and municipalities in this State from the specific responsibility which is currently borne by those counties and municipalities in support of public welfare, child welfare and relief services. Such funds which may hereafter be appropriated by the counties and municipalities for those services may be administered through the county or district offices of the State Department, and if so administered, shall be devoted exclusively to the services in the county or municipality making such appropriation."

We note that Sec. 7 of Art. 695c contains the following provision:

"* * *The State Department may cooperate with any city or county in any manner deemed necessary for the proper operation of these programs."

Hon. R. V. Rayford,  page 3

Art. 2351, Revised Civil Statutes, provides:

"Each commissioners' court shall:

"* * *

"Provide for the support of paupers and such idiots and lunatics as cannot be admitted into the lunatic asylum, residents of their county, who are unable to support themselves. By the term 'resident' as used herein, is meant a person who has been a bona fide inhabitant of the county not less than six months and of the State not less than one year.

"* * *"

The foregoing statutes were considered by this department in our Opinion No. 0-3962, approved November 12, 1941. This opinion, a copy of which is herewith enclosed, in effect holds that the commissioners' court has authority to pay clerical or stenographic persons who work with and assist the county case workers who are paid under the new Intake and Certificate Division, as set out in the General Departmental Appropriation Bill, where such expenditures are made "for the purpose of aiding and cooperating with the agencies of the State and Federal Governments, engaged in the administration of relief of the unemployed and needy people of the State of Texas."

Relative to your questions Nos. 2 and 3, this department held in Opinion No. 0-281 to the County Attorney of Hamilton County, Texas, approved February 21, 1939, that the commissioners' court of a county has no authority to employ a stenographer for the United States Farm Credit Administration and pay such stenographer from county funds. We also call your attention to Opinion No. 0-5587, approved September 11, 1943, addressed to you, wherein we held that Rusk County had no legal authority to pay the salary of an employee of the Farm Security Administration.

In Opinion No. 0-4074, approved April 8, 1942, to the County Auditor of Harrison County, Texas, this department held that the county would not be authorized to rent a typewriter, furnish or purchase incidentals, provide office space, equipment and necessary clerical help from county funds to local tire rationing boards set up by the office of the State Tire Rationing Administrator, a Federal agency.

Hon. R. V. Rayford, page 4

In Opinion No. 0-5931 to the County Attorney of Fayette
County, approved March 17, 1944, this department held that the
county may not legally expend its funds for the purpose of pay-
ing office rents, light bills, water bills, etc., for the Farm
Security Administration.

It is apparent from the foregoing opinions that neither the
Farm Security Administration or the Farm Credit Administration
is considered such an agency as included within the provisions
of Art. 2372e-2, Sec. 1, V. A. C. S. For your information we
herewith attach copies of our Opinions Nos. 0-281 and 0-5931
hereinabove referred to. The authorities cited therein are
applicable here.

It is therefore our opinion that where Rusk County and the
State Department of Public Welfare are cooperating and by neces-
sity in conjunction with Federal agencies, for the purpose of
aiding, administering and furnishing relief to the unemployed
and needy people of the State of Texas, the commissioners'
court is authorized to hire and pay the salary of a clerk,
typist, stenographer or receptionist for the State Department
of Public Welfare Office in Henderson upon request to do so
by such department.

Answering your Questions Nos. 2 and 3, it is the opinion of
this department that the Commissioners' Court of Rusk County is
not authorized to pay the office rent of the Farm Credit Adminis-
tration or the Farm Security Administration in the building other
than the courthouse nor pay the hire of a clerk or clerks for the
office of such Administrations.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WmK:LJ

APPROVED FEB 6 1946
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN